FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL VALENCIA GONZALEZ, SOCORRO ISABEL SOLTERO, and MARIA TRINIDAD RIVERA CERDA,<br><br>Plaintiffs,<br><br>v.<br><br>KARLA MORAN, ALEJANDRO MAYORKAS, UR MENDOZA JADDOU, ANTONY J. BLINKEN, PHILLIP SLATTERY and RICHARD C. VISEK,<br><br>Defendants. | No.   1:24-cv-3047-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DIRECTING ENTRY OF JUDGMENT** |

Defendants ask the Court to dismiss this lawsuit, which seeks immigration relief, for several reasons, including that Plaintiff's prior similar lawsuit was dismissed by the Court in March 2024 and therefore this lawsuit should be dismissed on *res judicata* grounds and for the same reasons the prior lawsuit was dismissed.[1] Unlike the prior case in which Plaintiffs failed to respond to Defendants' dismissal motion, Plaintiffs responded to—and oppose—the Motion to

---

[1] *See* EDWA Case No. 1:23-cv-3166-EFS.

1 Dismiss in this case, arguing that *res judicata* does not bar this lawsuit, that
2 subject-matter jurisdiction exists over the I-601A unreasonable delay claims, that
3 the DS-260-visa-related claims are ripe, and that Plaintiffs state plausible claims
4 for relief.

5     Plaintiff's opposition to dismissal is without merit. First, dismissal of the I-
6 601A unreasonable-delay claims are proper because claim preclusion bars these
7 claims, as the Court ruled in the prior lawsuit that the Court lacks subject-matter
8 jurisdiction over such claims because 8 U.S.C. § 1182(a)(9)(B)(v) bars judicial review
9 of whether the agency has processed an I-601A application in a reasonable time.[2]
10 Contrary to Plaintiff's argument otherwise, the Court's prior decision that it lacks
11 subject-matter jurisdiction to review the unreasonable-delay claims related to the I-
12 601A application is given preclusive effect.[3]

13     Second, as was discussed in the Court's prior order, the DS-260-visa-related
14 claims against the State Department Defendants are unripe.[4]

---

[2] *See* EDWA Case No. 1:23-cv-3166-EFS, ECF No. 14 at 8–16.

[3] *See Mast v. Long*, 84 Fed. App'x 786, 786–87 (9th Cir. 2003) (unpublished opinion); *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1005–06 (9th Cir. 2002).

[4] *See* EDWA Case No. 1:23-cv-3166-EFS, ECF No. 14 at 7.

Likewise, as was discussed in the Court's prior order, Plaintiffs fails to state a due process claim.[5]

For these reasons, Defendants' Motion to Dismiss is granted. This lawsuit is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).[6]

## I.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 11**, is **GRANTED**.

2. The Clerk's Office is to enter **Judgment in Defendants' favor with prejudice as to Plaintiff's I-601A-related claims over which the court lacks subject-matter jurisdiction and without prejudice as to Plaintiff's remaining claims**.

IT IS SO ORDERED.  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  29th   day August 2024.

*[signature: Edward F. Shea]*

EDWARD F. SHEA
Senior United States District Judge

---

[5] *See* EDWA Case No. 1:23-cv-3166-EFS, ECF No. 14 at 16–17.

[6] *See* EDWA Case No. 1:23-cv-3166-EFS, ECF No. 14.